UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80068-RLR

UNITED STATES OF AMERICA

vs.

YELYZAVETA DEMYDENKO,

      Defendant.

_____/

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16 and is numbered to correspond with Local Rule 88.10.

A.    1.    Enclosed, please find an audio copy of a recordings made by law enforcement which contains recordings of conversations had by the defendant with law enforcement.

    2.    Enclosed with this response are portions of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

    3.    No defendant testified before the Grand Jury.

    4.    The defendant does not have a prior criminal record.

    5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the United States Attorney's Office, 500 South Australian Ave, Suite 400, West Palm Beach, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

1

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.    There are no laboratory analysis reports at this time.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). Of note, the United States has provided an audio copy of a recorded statement with a family member of the defendant, C.P.

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. §§ 822 and 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent analysis.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the contraband will be destroyed. As usual, random samples will be set aside to be used as evidence.

L.      The government is not in possession of any automobile used in the commission of this offense.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      The government has received a request for disclosure of the subject-matter of expert testimony and will comply in a separate notice if applicable.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at a discovery conference in advance of trial.

P.      The government hereby requests that the defense stipulate to the following facts:

1. The defendant is not a United States Citizen.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense as contained in the Indictment.

The attached list details the items that have been provided to the defendant.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

s/ Adam C. McMichael
  ADAM C. McMICHAEL
  Assistant United States Attorney
  Court No. A5501637
  500 South Australian Avenue
  Suite 400
  West Palm Beach, Florida 33401
  Tel: (561) 209-1040
  Adam.McMichael@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Adam C. McMichael
ADAM C. McMICHAEL
Assistant United States Attorney

## SERVICE LIST

**Christopher Alfred Haddad**
Law Office of Christopher A. Haddad, P.A.
319 Clematis Street
Ste 812
West Palm Beach, FL 33401
561-832-1126
Email: chris@chrishaddad.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Designation: CJA Appointment

**<u>Yelyzaveta Demydenko Discovery List</u>**

1. N/A
2. Certified Copy of Yelyzaveta Demydenko's A file.
3. Supervisor of Elections Palm Beach County certified voter records.
4. Yelysaveta Demydenko's miranda statement.
5. Yelyzaveta Demydenko post maranda recorded interview.
6. C. P. recorded interview.
7. N/A
8. DAVID certified records for Yelyzaveta Demydenko.
9. Interview of the DEMYDENKO's ROI.