UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


Case No. 25-80068-CR-CANNON(s)


UNITED STATES OF AMERICA,

          Plaintiff,

vs.

YELYZAVETA DEMYDENKO, and
SVITLANA DEMYDENKO,

          Defendants.

_____/


**GOVERNMENT'S RESPONSE TO THE STANDING**
**DISCOVERY ORDER AS TO BOTH DEFENDANTS**
**<u>UPON THE SUPERSEDING INDICTMENT</u>**


COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney and hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. Pursuant to Local Rule, all referenced attachment pages are attached to defense counsels' copy of this response and not the pleading filed with the Court. It should be noted that both defense counsel are receiving all the same discovery in this matter.

A.        1.        Both defendant did make written or recorded statements to then-known law enforcement officers. The defendants made audio/video

recorded post-*Miranda* statements to law enforcement,[1] copies of which accompany defense counsel's copy of this response on the Digital Discovery Drive (DDD), which accompanies both defense counsel's copy of this response (please see itemized list of contents of the DDD at bottom of this response).

2.     Both defendants made oral statements before or after arrest to persons then known to the defendant to be a government agent. Copies of police reports detailing the substance of such statements are included within defense counsel's copy of this response in the DDD.

3.     This defendants did not testify before the Grand Jury.

4.     Prior to their arrests in the instant case, neither defendant was possessed of a criminal record.

5.     Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of Homeland Security Investigations, 501 South Flagler Drive, Suite 500, West Palm Beach, Florida 33401. The undersigned will tentatively set the date for  Wednesday September 24, 2025, at 2:00 pm.  Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

---

1 It is noted that Svitlana Demydenko invoked her right to remain silent after advise of *Miranda* warnings at which point her recorded interview was terminated.

That evidence includes, but is not limited to:

a.      Evidence referenced in the attachments hereto

b.      Original copies of defendants' A-Files.

c.      Original certified copies of documents

**FEDERAL RULE OF EVIDENCE 803(6) AND 902(1)-(2), (4), AND (11) NOTICE**: In accordance with the requirements of Federal Rule of Evidence 803(6), and 902(11) the government hereby gives notice of its intent to offer records of regularly conducted activites, such as voter registration records, U.S. Immigration Records and Florida Department of Motor Vehicle records, and their accompanying certifications comporting with the requirements of Rule 803(6), which are included in the discovery contained in the DDD

6.      There were no physical or mental examinations made in connection with this case.

B.      DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      At present, the government is not aware of any material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97

(1976), except to the extent to the extent the defense may construe any of the materials attached hereto as such.

D.     The government is aware of its duty to disclose and will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).  However, no such witnesses are known to the government with respect to the charges presently pending against the defendants at this time.  The government is aware of its continuing duty to disclose such and shall do so should the situation change in the future.

E.     There are no witnesses possessed of a criminal history known to the government at present, with respect to the charges presently pending against the defendants.

F.     The defendants were not identified in photo spread or similar identification proceeding (the defendants were, however, identified from photographs taken in their immigration and Florida Department of Motor Vehicle files, copies of which are included in the DDD.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).  You are hereby on notice that all evidence made available to you

4

for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine), to show knowledge, intent, identity, common scheme or plan and absence of mistake.

I.    The defendant is not, at present, an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No controlled substances were seized in this case.

L.    No vehicles are currently in the federal government's possession in regards to this case.

M.    No latent fingerprint analysis was conducted in this case.

N.    The government shall file an expert witness summary response as to the defendants when it has identified any expert witnesses it intends to call. No such experts are known as of the time of this response.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.       At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Defense counsels' copies of this response includes the DDD which contains the following items/materials of discovery:

**Demydenko Discovery**

1.      Certified Copy of Svitlana Demydenko's A file.
2.      Certified Copy of Yelyzaveta Demydenko's A file.
3.      Supervisor of Elections Palm Beach County certified voter records.
4.      Yelysaveta Demydenko's post-Miranda statement.
5.      Yelyzaveta Demydenko post-Miranda recorded interview.
6.      Christopher Pagliaro recorded interview.
7.      DAVID certified records for Svitlana Demydenko.
8.      DAVID certified records for Yelyzaveta Demydenko.
9.      Initial Interview of the DEMYDENKO's ROI.
10.     Svitlana Demydenko arrest ROI.
11.     Yelysaveta Demydenko arrest and interview ROI.
12.     David Yelyzaveta Demydenko ID (less redacted FL DMV application)
13.     David Svitlana Demydenko ID (less redacted FL DMV application)
14.     Revised DAVID certified records for Yelyzaveta and Svitlana Demydenko with reduced redactions

Please contact the undersigned Assistant United States Attorney if any pages/items are missing.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY


BY:   s/ *John C. McMillan*
      JOHN C. McMILLAN
      Assistant United States Attorney
      Admin. No. A5500228
      500 S. Australian Ave., Suite 400
      West Palm Beach, FL 33401
      Office:   (561) 820-8711
      FAX:     (561) 820-8777
      Email: John.McMillan@usdoj.gov

7

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that  August 27, 2025, I sent copies of the foregoing document with attachments (the DDD) via FedEx to counsel for the defendants below.  I further certify that on August 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  According to the Court's website, counsel for all parties are able to receive notice via the CM/ECF system.

Christopher Alfred Haddad, Esq.
319 Clematis Street, Ste 812
West Palm Beach, FL 33401
561-832-1126
(counsel for Yelyzaveta Demydenko)

Peter Vincent Birch
Supervisory Federal Public Defender
250 Australian Avenue South, Ste 400
West Palm Beach, FL 33401
561-833-6288
(counsel for Svitlana Demydenko)

By:     s/ *John C. McMillan*
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

8